WILLIAM M. NARUS, CAB #243633
Acting United States Attorney
District of Oregon
**NICHOLAS D. MEYERS, OSB #222743**
Assistant United States Attorney
Nicholas.Meyers@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:24-cr-00323-MO |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **DANIELLE MAE HAMMOND,** | |
| **Defendant.** | |

The Government believes the advisory Sentencing Guidelines and Criminal History Category calculation outlined in the presentence report ("PSR") are accurate. The Government recommends that the Court impose a sentence of thirty months' imprisonment, to be followed by a three-year term of supervised release, and a $100 fee assessment.

//

//

//

**Government's Sentencing Memorandum**                                    **Page 1**

## I.    FACTUAL BACKGROUND

### A.    The Offense Conduct

On May 9, 2024, Defendant entered an Advantis Credit Union in Gresham, Oregon, and interacted with a virtual teller kiosk.  The Defendant was connected with Victim Teller 1, who was working remotely, and said, "Give me all the money and no one will get hurt."  Victim Teller 1 complied with Defendant's demand and dispensed $1,500 from an automated teller machine, which Defendant took and then left the credit union.

On May 21, 2024, Defendant entered an Advantis Credit Union in Portland, Oregon and interacted with a virtual teller kiosk.  The Defendant was connected with Victim Teller 2, who was working remotely, and said, "You have thirty seconds to send me five grand in all big bills or the next person coming in or out of here is gonna get hurt."  Victim Teller 2 complied with Defendant's demand and dispensed $4,500 to Defendant.

Defendant was arrested by Beaverton police officers in Beaverton, Oregon on August 4, 2024.

### B.  The Charges

On August 24, 2024, a federal grand jury returned a three-count indictment charging Defendant with two counts of Bank Extortion (Counts 1 and 2) and one count of Attempted Bank Extortion, in violation of 18 U.S.C. § 2113(a).  On March 5, 2025, Defendant pled guilty to Counts 1 and 2 of the Indictment.  Count 1 charged that on or about on or about May 9, 2024, within the District of Oregon, defendant Danielle Mae Hammond obtained by extortion approximately $1,500.00 in United States currency that was in the care, custody, management, possession, or control of Advantis Credit Union, located at 2229 NE Burnside Road, Gresham,

**Government's Sentencing Memorandum**                                                           **Page 2**

Oregon, whose deposits were then insured by the National Credit Union Administration Board, in violation of 18 U.S.C. § 2113(a).  Count 2 charged that on or about on or about May 21, 2024, within the District of Oregon, defendant Danielle Mae Hammond obtained by extortion approximately $4,500.00 in United States currency that was in the care, custody, management, possession, or control of Advantis Credit Union, located at 4235 SE Woodstock Boulevard, Portland, Oregon, whose deposits were then insured by the National Credit Union Administration Board, in violation of 18 U.S.C. § 2113(a).

The maximum sentence the Court may impose is a term of 20 years' imprisonment, a fine of $250,000, and at least three years of supervised release.  There is also a mandatory $100 fee assessment.

## C.    The Plea Agreement & Guideline Computations

The Government believes that the Sentencing Guideline calculations outlined in the PSR are accurate and recommends the following Guideline computations:

| Enhancement | Government's Position |
|---|---|
| Base Offense Level — USSG § 2B3.2(a) | 18 (not contested) |
| "Safety Valve" Criteria — USSG § 2B3.2(b)(1) | + 2 (not contested) |
| Multiple Count Adjustment USSG § 3D1.4 | +1/+2 (not contested; see below discussion below) |
| Acceptance of Responsibility— USSG § 3E1.1 | - 3 (not contested) |
| 18 U.S.C. § 3553(a) — | - 1 (not contested) |
| **PSR Total Offense Level** | **19 ((PSR ¶ 43)** |
| **Government's Total Offense Level** | **17 (see discussion below)** |
| **Criminal History Category** | **III (PSR ¶ 50)** |
| **Resulting Government's Recommended Guideline Range** | **30-37 months (see discussion below)** |

**Government's Sentencing Memorandum**                                                    **Page 3**

As noted above, as part of the plea agreement, the Government agreed to recommend a one-level variance pursuant to 18 U.S.C. § 3553(a).

The Government believes that the PSR's offense level computation, *see* PSR ¶¶ 28-43, is accurate and that Defendant's total offense level for the two counts of conviction is 19, before the application of the one-level variance recommended by the Government under 18 U.S.C. § 3553(a). However, as the Court noted at Defendant's change of plea hearing, Defendant's plea agreement letter contains an error. Specifically, in that agreement, the parties (accurately) agreed to a total offense level of 19 (before the agreed-upon one level variance under 3553(a)), but (inaccurately) agreed to only a 1-level increase under the multiple count provisions of USSG § 3D1.4. The PSR, however, correctly calculated a 2-level increase under the multiple count provisions of USSG §3D1.4. *See* PSR ¶ 38. Defendant does not appear to have raised an objection to the sentencing guidelines calculations in the plea agreement, but the government believes it is appropriate, given the error, to lower its sentencing recommendation to fully account for the error. Thus, the Government recommends a 30-month sentence rather than 33-month sentence.

## II.     ARGUMENT

### A.     Government's Recommended Sentence

The government recommends that the Court impose a sentence of thirty months' imprisonment, to be followed by a three-year term of supervised release, and a $100 fee assessment. This sentence is appropriate given the nature of Defendant's conduct (in particular, the impact on the victim tellers caused by Defendant's threatening behavior), while also

recognizing that Defendant's conduct may be less culpable than that of other bank robbery or bank extortion defendants prosecuted in this District. In fashioning its recommendation, the Government has also taken into account Defendant's history of substance abuse issues, as well as her commendable performance on pretrial supervision and attendance at substance abuse treatment programs through Volunteers of America. A thirty-month sentence will provide adequate punishment and protect the community from Defendant's crimes, while also satisfying the requirement of 18 U.S.C. § 3553(a), as a "sentence sufficient, but not greater than necessary" to meet the purposes of § 3553(a)(2).

### B.    Restitution, Fine, and Forfeiture

Restitution in the amount of $6,000 should be ordered. See *see* PSR ¶ 83. The Government is not seeking a fine. There is a mandatory $100 special assessment.

## III.   CONCLUSION

The Government recommends a sentence of thirty months' imprisonment, to be followed by a three-year term of supervised release.

Dated: May 27, 2025

Respectfully submitted,

WILLIAM M. NARUS
Acting United States Attorney

*/s/ Nicholas D. Meyers*
NICHOLAS D. MEYERS, OSB #222743
Assistant United States Attorney

**Government's Sentencing Memorandum**                                        **Page 5**